**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Alejandro David SANCHEZ–HERNAN-DEZ, also known as Alejandro David Hernandez–Hernandez, Defendant–Appellant.**

No. 12–40063
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 2013.

John Richard Berry, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff-Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM: *

Alejandro David Sanchez–Hernandez pleaded guilty to one charge of illegal reentry into the United States and was sentenced to serve 36 months in prison. He contends that the district court erred by applying the crime-of-violence enhancement found in U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his 2004 Texas conviction for aggravated sexual assault of a child. We disagree with the Government's contention that this claim was waived. *See United States v. Fernandez–Cusco,* 447 F.3d 382, 384 (5th Cir.2006); *United States v. Arviso–Mata,* 442 F.3d 382, 384 (5th Cir.2006). Instead, we review it for plain error due to his failure to raise it in the district court. *See Arviso–Mata,* 442 F.3d at 384; *Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009).

Sanchez–Hernandez has not shown error, plain or otherwise, in connection with the district court's imposition of the disputed adjustment. We have previously held that a conviction under Texas Penal Code § 22.021(a), the statute under which his prior conviction arose, warranted the § 2L1.2 adjustment. *See United States v. Rayo–Valdez,* 302 F.3d 314, 315–20 (5th Cir.2002). We have also held that the generic, contemporary definition of "sexual abuse of a minor" under § 2L1.2(b)(1)(A)(ii) does not include an age-differential requirement. *See United States v. Rodriguez,* 711 F.3d 541, 562 n. 28 (5th Cir.2013) (en banc), *petition for cert. filed* (June 6, 2013) (No. 12–10695).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.